NOT DESIGNATED FOR PUBLICATION

No. 127,202

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISAIAH ARIZPE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Finney District Court; CHRISTOPHER SANDERS, judge. Submitted without oral argument. Opinion filed July 25, 2025. Sentence vacated in part and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Tamara S. Hicks*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: After being referred from juvenile court to be prosecuted as an adult, Defendant Isaiah Alexander Carlos Arizpe pleaded no contest to three counts of aggravated indecent liberties with a child under 14 years of age in an agreement with the State. The Finney County District Court imposed a controlling prison term of 122 months on Arizpe and ordered that he be placed on lifetime postrelease supervision. On appeal, Arizpe correctly argues that lifetime postrelease supervision amounts to constitutionally impermissible punishment of a convicted juvenile. And the State candidly concedes the error. We vacate that portion of Arizpe's sentence. But, as we explain, the State charged

1

the crimes with broad date ranges, so the appropriate remedy is unclear from the available record. We therefore remand with directions for the parties and the district court to address how Arizpe should be resentenced.

After Arizpe was referred, the State charged him with 15 counts of rape or other felony sexual abuse of three female relatives younger than he and two counts of aggravated intimidation of a witness. The complaint alleged each sex crime occurred within a broad timeframe. Arizpe's lawyer worked out an agreement with the State calling for Arizpe to plead no contest to three counts of aggravated indecent liberties with a child under 14 years of age, a severity level 3 person felony, and for the dismissal of the remaining charges. The agreement included a joint recommendation that sentences on two of the counts be served consecutively and the third sentence run concurrently to the others.

For purposes of this appeal, the factual circumstances of the crimes of conviction are irrelevant. But the alleged timeframes are important. In the complaint, one of the counts was charged as occurring between July 24, 2012, and July 24, 2013; the second as occurring between August 31, 2014, and August 31, 2015; and the last as occurring between January 11, 2016, and December 31, 2017.

At a hearing in September 2023, the district court went through the rights Arizpe waived by agreeing to plead no contest and discussed the plea agreement and potential punishment with him. Asked to provide a factual basis supporting the charges, the prosecutor recited the dates from the complaint and otherwise described the crimes. The district court accepted the no contest pleas and adjudged Arizpe guilty of the three charges.

At a hearing the following month, the district court imposed prison sentences corresponding to the plea agreement, yielding a controlling term of 122 months. And

2

without objection, the district court ordered that Arizpe be placed on postrelease supervision for life—the ruling at the crux of this appeal.

The Kansas Supreme Court has held lifetime postrelease supervision to be categorically cruel and unusual punishment when imposed on a juvenile defendant for aggravated indecent liberties with a child. *State v. Dull*, 302 Kan. 32, Syl. ¶ 8, 351 P.3d 641 (2015). As both the State and Arizpe acknowledge in their terse appellate briefs, the district court unconstitutionally punished Arizpe in that way. They agree we must vacate the order imposing lifetime postrelease supervision. And we do so.

But we lack a sufficient record to determine the appropriate remedy on remand to the district court for resentencing. Here's why. When *Dull* was decided, K.S.A. 22-3717 required lifetime postrelease supervision for designated sexually violent offenses, including aggravated indecent liberties with a child. No exceptions. No mitigation. So the court concluded that Dull, as a juvenile, could not be sentenced to any term of postrelease supervision. *Dull*, 302 Kan. at 61.

In response to *Dull*, the Legislature amended K.S.A. 22-3717(d)(1)(G) to add a subsection providing for a 60-month period of postrelease supervision for juveniles convicted of sexually violent offenses. The amendment became effective May 18, 2017, and applies to covered crimes committed after that date. That's consistent with the rule that district courts sentence defendants in conformity with the statutes in effect when they commit their crimes of conviction. *State v. Juiliano*, 315 Kan. 76, 80, 504 P.3d 399 (2022).

Two of Arizpe's crimes took place before the amendment to K.S.A. 22-3717(d)(1)(G) and must be treated in conformity with *Dull*, so no term of postrelease supervision attaches to them. The third crime took place sometime within about a two-year period that straddles the effective date of the amendment. So it may have happened

before the amendment or afterward based on the complaint and the State's proffer at the plea hearing. We see no obvious way to resolve that ambiguity from the appellate record.

In their briefs, both Arizpe and the State tell us without any explanation that the amendment to K.S.A. 22-3717(d)(1)(G) applies, so the district court should impose a 60-month term of postrelease supervision. We are unpersuaded that is necessarily the correct remedy, and we suspect a request for additional briefing probably would not resolve the matter.

On remand, the parties may be able to work out some agreed resolution satisfactory to the district court. The district court should examine the propriety of any such agreement. In doing so, the district court may consider whether either side should be bound by the ambiguity in the complaint or the State's proffer and what legal effect that would have going forward. Likewise, the district court should look at whether an evidentiary sentencing hearing aimed at resolving the factual ambiguity would be appropriate.

Sentence vacated in part and case remanded with directions.